UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA MARIE GARNER, | No. 2:17-CV-00232-LRS |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 13) and the Defendant's Motion For Summary Judgment (ECF No. 14).

## JURISDICTION

Jessica Marie Garner, Plaintiff, applied for Title II Social Security Disability Insurance benefits (SSDI) and for Title XVI Supplemental Security Income benefits (SSI) on September 3, 2013. The applications were denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on February 3, 2016 before Administrative Law Judge (ALJ) Jesse Shumway. Plaintiff testified at the hearing, as did Medical Expert (ME) Nancy Winfrey and Vocational Expert (VE) Daniel McKinney. On March 21, 2016, the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. Plaintiff has an 11th grade education and past relevant work experience as a cook helper, cashier and waitress. She alleges disability since March 1, 2011, on which date she was 28 years old.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) improperly assessing the medical opinion evidence; and 2) failing to provide specific, clear and convincing reasons for discounting Plaintiff's testimony regarding her symptoms and limitations.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) and § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following:

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

1) Plaintiff has "severe" medically determinable impairments which include depression, generalized anxiety disorder, personality disorder and obesity;

2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1;

3) Plaintiff has the Residual Functional Capacity (RFC) to perform light work, defined in 20 C.F.R. §§404.1567(b) and 416.967(b), except that she can stand and/or walk four hours in an eight hour day; she cannot climb ladders, ropes or scaffolds, and can only occasionally engage in all other postural activities; she is limited to simple, routine tasks with a reasoning level of 2 (Specific Vocational Preparation 2[1]) or less, and simple decision making in a routine, predictable work environment with no public contact; and she is limited to occasional contact with supervisors and co-workers and cannot work at a production rate pace;

4) Plaintiff's RFC precludes performance of her past relevant work;

5) Plaintiff's RFC allows performance of other jobs existing in significant numbers in the national economy, including garment sorter, mail clerk, and addresser.

Accordingly, the ALJ concluded Plaintiff is not disabled.

**MEDICAL OPINIONS/DUTY TO DEVELOP RECORD**

While the ALJ found Plaintiff had a severe medically determinable impairment of generalized anxiety disorder (GAD), he made no finding one way or the other whether Plaintiff had a severe medically determinable impairment of panic disorder.

---

[1] An SVP of 2 requires anything beyond a short demonstration up to and including one month of of preparation. *Dictionary of Occupational Titles* (Rev. 4th ed.)(U.S. Dept. of Labor, 1991).

See also https://www.onetonline.org/help/online/svp.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

GAD and panic disorder share some common symptoms, but they are distinct mental health conditions. Recurring panic attacks are the primary feature of panic disorder. Such attacks involve sudden and intense feelings of terror, fear, or apprehension without the presence of any actual danger. Those with panic disorder often excessively worry about another panic attack and this may lead to the development of agoraphobia in which a person avoids environments or situations where he or she fears a panic attack may occur. GAD is excessive and pervasive worry which is difficult to control to the point where the person finds the worrisome thoughts to be unmanageable. The focus of worry with GAD generally concerns many usual life circumstances, whereas with panic disorder, the focus is on when the next panic attack will occur. It is possible to have both panic disorder and GAD, and these conditions can occur along with mood disorders like major depressive disorder (MDD) and other anxiety disorders like social phobia. https://www.verywellmind.com/panic-disorder-vs-gad-2584211.

At the request of the Department of Disability Determination Services (DDDS), Plaintiff saw John Arnold, Ph.D., for a consultative psychological assessment in December 2013. Plaintiff alleged a history of panic attacks, one or two a week, which results in her having a hard time leaving her home and when she does, causes her to cry and have severe anxiety. She told Dr. Arnold her first panic attack occurred when she was 18 and while she was at work. She indicated the attacks had become progressively worse and more frequent, usually lasting between 10 and 30 minutes. (AR at p. 284). Asked about specific symptoms, Plaintiff said she has racing thoughts; becomes tearful; gets angry and frustrated and will at times displace this verbal anger on her husband and her mother; and has a chronic history of isolating herself in her house, not answering the phone, and cutting off contact for periods of time. (AR at p. 285). Among Dr. Arnold's diagnoses were "GAD w/OCD [Obsessive Compulsive Disorder] and Social Phobia (generalized) Features" and

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

"R/O Panic Disorder with Agoraphobia." (AR at p. 287). A "R/O" (Rule Out) diagnosis means there is uncertainty about the diagnosis and although there is evidence that the criteria for the diagnosis may be met, more information is needed to rule it out. *Burleson v. Astrue*, 2012 WL 195022 (W.D. Wash. 2012) at *5, n. 2. In other words, Dr. Arnold's opinion was that further evaluation was necessary in order to "rule out" panic disorder with agoraphobia as a diagnosis.

In March 2014, Matthew Comrie, Psy. D., a state agency medical consultant, performed a record review for the Commissioner at the reconsideration level. Among the evidence reviewed by Dr. Comrie was the psychological assessment of Dr. Arnold. Dr. Comrie indicated that additional evidence, specifically another consultative examination, was required to establish the severity of Plaintiff's mental impairments. (AR at p. 109).

Psychologist Nancy Winfrey, Ph.D., who testified as a medical expert at the administrative hearing, noted she was missing treatment records and all that she had to go on, in addition to Dr. Arnold's assessment "from over two years ago," were office records from Unify Community Health and Rockwood Clinic Physical Therapy, and hospital records from Providence Sacred Heart Medical Center. (AR at p. 48). The treatment records Dr. Winfrey did not have available for review were those from Frontier Behavioral Health for the period from August 2014 to March 2015, which the ALJ acknowledged were significant. (AR at p. 45). It appears Dr. Winfrey took note of Dr. Arnold's "rule out" diagnosis for panic disorder with agoraphobia and did not include it in the diagnoses she thought were established by the existing record. (AR at p. 48). On cross-examination by Plaintiff's counsel, Dr. Winfrey acknowledged reading about the panic attacks alleged by Plaintiff and agreed they "sounded" like severe attacks and that "frequency" of those attacks was the critical issue in determining whether a panic disorder diagnosis was warranted. (AR at p. 50).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

The ALJ gave "partial weight" to the opinion of Dr. Comrie "as state agency medical and psychological consultants are highly qualified and experts in disability evaluation," but because of "additional and new material evidence, including testimony at the hearing," seemingly rejected Dr. Comrie's opinion that a consultative examination was required to establish the severity of Plaintiff's impairments. (AR at p. 30). The "additional and new material evidence" appears to have been the records from Frontier Behavioral Health and the testimony of Dr. Winfrey. Clearly, however, there was nothing in the testimony of Dr. Winfrey suggesting a consultative examination was unnecessary and would not be helpful. Nor do the records from Frontier Behavioral Health suggest any such thing. The therapists at Frontier Behavioral Health are not "acceptable medical sources" for the purpose of determining in the first instance whether Plaintiff has a "medically determinable" panic disorder.[2] Although panic disorder was not specifically diagnosed by any of the therapists at Frontier Behavioral Health, Plaintiff discussed her panic attacks with them and essentially echoed what she told Dr. Arnold regarding those. (See, for example, AR at pp. 401, 404, 407, 415, 419, 422 and 456). Plaintiff indicated she

---

[2] Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. §§ 404.1513(a); 416.913(a). Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. §§ 404.1513(d); 416.913(d).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

started having panic episodes in 2001 which were daily, but have since decreased. She reported that if she is out in public, she is concerned about having a panic attack and therefore is unable to go out to dinner and go shopping, and is terrified when it is necessary for her to leave her house. She reported having panic attacks one to two times per week. (AR at p. 415).

The ALJ has a basic duty to inform himself about facts relevant to his decision. *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952 (1983). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The duty is triggered by ambiguous or inadequate evidence in the record and a specific finding of ambiguity or inadequacy by the ALJ is not necessary. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Here, the record is ambiguous or inadequate as to whether Plaintiff suffers from a medically determinable panic disorder, whether it is "severe,"[3] and if so, the extent to which it limits Plaintiff's ability to perform basic work-related activities. Accordingly, the court will remand this matter to the Commissioner to order a consultative examination pursuant to 20 C.F.R. §§ 404.1519 and 416.919 for the purpose of ascertaining whether Plaintiff suffers from "severe" medically determinable panic disorder and if so, the extent to which it limits her ability to

---

[3] An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), citing S.S.R. No. 85-28 (1985). A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

engage in substantial gainful activity. At this time, the court makes no determination regarding the validity of the ALJ's discounting of Plaintiff's testimony about her limitations. On remand, the ALJ may revisit that issue in light of the consultative examination results and any testimony from a medical expert which the ALJ deems appropriate to have at a new administrative hearing.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 13) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 14) is **DENIED**. Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for further proceedings as set forth above. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record. The file shall be **CLOSED**.

**DATED** this ___15th___ day of May, 2018.

_s/ Lonny R. Suko_
LONNY R. SUKO
Senior United States District Judge